O’NIELL, Chief Justice.
 

 This is a suit to annul a testament on the ground that the testator was mentally incapacitated. The plaintiff is appealing from a judgment rejecting his demand.
 

 The testator was eighty years of age and was suffering from an ailment which caused severe pain at certain intervals; but he was .subject to immediate relief by the use of a simple contrivance; and he was never neglected. The physician who was attending him before and about the time when he made the will testified that the testator would not have been apt to attempt to make a will or to attend to any other business during the periods in which he suffered pain; but those periods were of short duration, and the intervals of comfort were of long duration — lasting several hours or perhaps days. The physician testified also, that the testator was never deficient mentally, even in the slightest degree; and the testimony to that effect was corroborated! by other witnesses, and was not contradicted, by any one. There is no reason to believe that the testator was suffering at the-time when he made the will. It is a nuncupative will, dictated by the testator to a. notary public in the presence of three witnesses residing in the parish. The notary public is an attorney at law in good standing,, and there is no reflection upon the good’, character of the witnesses. It is argued for the appellant that the defendants, who are legatees under the will, should have called! upon the notary public and the subscribing witnesses, all of whom were in court, to. prove that the testator was of sound mind and not incapacitated by pain or suffering; when he made the will. But, as there is; nothing in the will itself suggestive of mental weakness, the defendants had the right to rely upon the presumption of law in that respect, so long as the plaintiff failed to-produce any evidence of mental incapacity on the part of the testator. A will which; in its terms bears no evidence of mental weakness on the part of the testator is presumed to have been made by a person of sound mind, and the burden of proof is on; the party attacking the will to show that the testator was not mentally capable of making, the will. Chandler v. Barrett, 21 La.Ann. 58, 99 Am.Dec. 701; Succession of Villa, 132 La. 714, 61 So. 765; Succession of Brugier, 146 La. 29, 83 So. 366; Wilcox v.
 
 *493
 
 City of Hammond, 163 La. 489, 112 So. 375; Succession of Mithoff, 168 La. 624, 122 So. 886; Rostrup v. Succession of Spicer, 183 La. 1087, 165 So. 307; Succession of Edgar, 184 La. 775, 167 So. 438; Succession of Lambert, 185 La. 416, 169 So. 453.
 

 The judgment is affirmed.